UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAX CHARLOT,

    Petitioner,

v.                              Case No: 2:17-cv-372-FtM-29MRM
                                Case No: 2:03-cr-126-FtM-29

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #290)[1], filed on June 30, 2017. The United States Response in Opposition (Cv. Doc. #6) was filed on September 1, 2017. Petitioner filed a Reply (Cv. Doc. #9) on October 26, 2017. Petitioner also filed a Memorandum in Support of Post-Conviction Rehabilitative Efforts Pursuant to Pepper v. United States (Cv. Doc. #10) on November 24, 2017. For the reasons set forth below, the § 2255 motion is dismissed, and the Memorandum in Support, construed as a motion, is dismissed.

---

1 The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

In November 2013, petitioner Max Charlot (petitioner or Charlot) was charged with two counts of a five-count Indictment. (Cr. Doc. #35.) Count One charged that on or about October 30, 2003, petitioner and five other named defendants conspired to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. Count Two charged that on October 30, 2003, petitioner did knowingly use, carry, and possess a firearm during and in relation to the drug trafficking crime charged in Count One. The case involved a reverse sting operation wherein an undercover police officer posed as a disgruntled courier of cocaine. The undercover officer was to advise defendants of when and where he would be delivering one or two kilograms of cocaine, and petitioner and his co-defendants were to rob the location of the one or two kilograms plus the far larger amount (40-50 kilograms) which was represented to be at the location. (Cr. Doc. #280, p. 9, ¶ 9.)

In February 2004, petitioner was convicted by a jury on both counts. On the verdict form, the jury specifically found that petitioner was responsible for at least five kilograms of cocaine. (Cr. Doc. #138.) At the sentencing hearing, the Court found that defendant occupied a leadership role as an organizer or leader of criminal activity involving five or more participants, and imposed a four level enhancement under United States Sentencing Guidelines

Manual § 3B1.1(a) (2003). The Court also determined that for sentencing purposes petitioner was responsible for 40 to 50 kilograms of cocaine. Petitioner was sentenced to a term of 262 months of imprisonment as to Count One, and 60 consecutive months of imprisonment as to Count Two, followed by a term of supervised release. Judgment was filed on May 26, 2004. (Cr. Doc. #174.)

Petitioner filed a direct appeal, and the Eleventh Circuit upheld the convictions and sentences. (Cr. Doc. #210); <u>United States v. Charlot</u>, 135 F. App'x 365 (11th Cir. 2005). Petitioner's petition for a writ of certiorari with the United States Supreme Court was denied. <u>Charlot v. United States</u>, 546 U.S. 957 (2005).

On October 2, 2006, petitioner filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Cr. Doc. #237.) The district court denied the motion on the merits on June 3, 2008. (Cr. Doc. #247.) Petitioner's Traverse to his motion raised the claim that three of petitioner's prior convictions were the result of involuntary guilty pleas, and therefore could not be considered in petitioner's criminal history calculation. (Cr. Doc. #237, pp. 6-7.) The district court held that two of the convictions had not been challenged in state court, and therefore could not be challenged at sentencing or in a § 2255 proceeding. (Cr. Doc. #247, p. 11.) As to the third conviction, petitioner asserted that the simple battery conviction had been vacated by the state court on November

21, 2006. The district court found the § 2255 motion was timely as to this conviction and assumed petitioner had acted with due diligence, but denied habeas relief, stating:

> The state conviction which has now been set aside was for simple assault in 1999, for which he received a two day jail sentence. Eliminating that conviction would still result in a Criminal History Category II, and therefore the Sentencing Guidelines range would not change. The absence of this misdemeanor conviction would not have changed the sentence the Court imposed on defendant.

(Id. at 11-12.) A certificate of appealability was denied by the district court on July 16, 2008 (Case No. 2:06-cv-525-FTM-29DNF, Cv. Doc. #14), and also by the Eleventh Circuit on February 5, 2009. (Id., Cr. Doc. #21.)

On April 28, 2014, petitioner filed a second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Cr. Docs. ## 271, 272.) Petitioner asserted that the government had withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and that petitioner had received ineffective assistance of counsel. On April 29, 2014, the district court dismissed the § 2255 motion for lack of jurisdiction because petitioner had not obtained authorization from the Eleventh Circuit to file a second or successive motion. (Cr. Doc. #273.)

In December 2015, the Court reduced petitioner's sentence to 210 months of imprisonment on Count One, with a consecutive

sentence of 60 months on Count Two, pursuant to Amendment 782 of the United States Sentencing Guidelines. (Cr. Doc. #284.)

In November 2016, petitioner filed an application with the Eleventh Circuit for authority to file a second or subsequent motion pursuant to § 2255(h). The application raised one claim, asserting that two of his prior convictions had been vacated and he should therefore be resentenced. (Cr. Doc. #288, p. 2.) The Eleventh Circuit found that authorization was unnecessary to file a new § 2255 motion raising this issue because petitioner could not have raised the claim in his original § 2255 motion. (Id. at p. 3.)

**II.**

Petitioner's third and current Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cr. Doc. #290) was filed on June 30, 2017. Read liberally, petitioner raises three issues: (1) Since the time of petitioner's original sentencing, two of his prior state court convictions have been vacated, and therefore he should be resentenced using a corrected criminal history score; (2) petitioner's conviction violates due process of law because it involves a statute that unconstitutionally criminalizes mythical conduct as the result of a "reverse sting" operation by law enforcement; and (3) there is no federal jurisdiction under the

Hobbs Act where the facts arise from a "reverse sting" by law enforcement.

**A. Jurisdiction to Consider Claims**

The Eleventh Circuit has already found that the district court would have jurisdiction without a certificate of appealability as to the claim related to the post-sentencing vacatur of two of petitioner's prior state convictions.

The second and third issues raised in the current § 2255 motion do require a certificate of appealability because they could have been raised on direct appeal or in the original habeas petition, but were not. "The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2244(b)(3)(A).[ ] Without authorization, the district court lacks jurisdiction to consider a second or successive petition. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (footnote omitted). See also Thomas v. Florida, 706 F. App'x 653, 654 (11th Cir. 2017) (same). Therefore, claims (2) and (3) are dismissed without prejudice for lack of jurisdiction.

Alternatively, claim 3 is dismissed because it fails to state a meritorious jurisdictional claim since petitioner was not charged with or convicted of a Hobbs Act violation.

**B. Petitioner's Prior Convictions**

The Presentence Report (PSR) used in sentencing petitioner showed that the following prior convictions were assessed points in determining petitioner's criminal history under the Sentencing Guidelines: (1) In 1998, petitioner pled guilty and had adjudication withheld for Possession of Cocaine and Possession of Cannabis, for which he was assessed 1 point under the Sentencing Guidelines; (2) in 1999, petitioner was arrested for aggravated assault with a firearm, and in 2001 pled nolo contendere with an adjudication of guilty for simple assault, for which he was assessed 1 point under the Sentencing Guidelines; and (3) in 2001 petitioner pled nolo contendere with adjudication withheld for possession of marijuana, for which he was assessed 1 point under the Sentencing Guidelines. As a result of the three criminal history points, petitioner was a criminal history category II. (Cr. Doc. #280, pp. 15-16, ¶¶ 50-55.)

**C. Timeliness of § 2255 Motion**

Petitioner asserts that his 1999 simple assault conviction and his 1998 controlled substance convictions have now been vacated, and he should therefore be re-sentenced. Petitioner further asserts that the current § 2255 motion is timely, relying solely upon § 2255(f)(4), which provides that a § 2255 motion must be filed within one year of "[t]he date on which the facts supporting the claim or claims presented could have been discovered

through the exercise of due diligence." The United States asserts that the current ¶ 2255 motion is untimely because it was filed beyond the one year time period set forth in § 2255(f)(4) and/or petitioner did not act with due diligence.

The Supreme Court has held that a state court order vacating a prior conviction is a "fact" which can start the statute of limitations under § 2255(f)(4). Johnson v. United States, 544 U.S. 295, 302 (2005). The one-year statute of limitations period "begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." Johnson, 544 U.S. at 298. See also Rivers v. United States, 416 F.3d 1319, 1322 (11th Cir. 2005) (petitioner must show due diligence in obtaining the vacatur even if the one-year period under § 2255(f)(4) is satisfied). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." Johnson, 544 U.S. at 308. Diligence is measured from the date of the entry of judgment by the district court in the federal case. Johnson, 544 U.S. at 308-09.

The record and petitioner's representations establish the following chronology:

**May 26, 2004:** Judgment (Cr. Doc. #174) filed in federal case.

**September 26, 2006:** Petitioner signs § 2255 motion in Case No. 2:06-cv-525-FTM-29DNF, asserting that the prior convictions used to calculate his criminal history were unconstitutional because they were involuntary and unintelligent. (Cr. Doc. #237, pp. 6-7.)

**Unknown Date:** Petitioner files a Rule 3.850 motion to vacate and/or for post-conviction relief in the state court simple assault case, Case No. F99-32382. (Cv. Doc. #1, Exh. 2.)

**November 21, 2006:** State court conviction for simple assault in Case No. F99-32382 vacated pursuant to petitioner's motion to vacate and/or for post-conviction relief. (Cv. Doc. #1, Exh. 2.)

**December 22, 2006:** Petitioner files a Traverse raising the issue of the vacatur of simple assault conviction in Case No. F99-32382 in relation to a pending § 2255 Motion. (Case No. 2:06-cv-525-FTM-29DNF, Cv. Doc. #7.)

**February 23, 2007:** Petitioner files Rule 3.850 motion in state court to vacate the two controlled substance convictions, Case No. F98-021499. (Cv. Doc. #9, p. 3.)

**June 3, 2008:** Court denies the § 2255 signed on September 26, 2006, after considering merits of the issue raised in the Traverse relating to vacatur of simple assault conviction. (Cr. Doc. #247.)

**October, 2010:** Rule 3.850 motion denied in state court as to the two controlled substance convictions, Case No. F98-021499. (Cv. Doc. #9, p. 3.)

**July 25, 2016:** Petitioner, through counsel, files another motion to correct illegal sentence in state court as to the two controlled substance convictions in Case No.

> F98-21499. (Cv. Doc. #1, Exh. 1; Cv. Doc. #9, p. 3.)
>
> **September 7, 2016:** Petitioner's two state controlled substance convictions vacated by state court pursuant to a defense motion to correct illegal sentence filed on July 25, 2016. (Cv. Doc. #1, Exh. 1.)
>
> **November 16, 2016:** Petitioner files his Application for Leave to File a Second or Successive § 2255 motion with the Eleventh Circuit. (Case 16-17132.)
>
> **December 14, 2016:** Petitioner's Application denied as unnecessary by the Eleventh Circuit. (Cr. Doc. #288.)
>
> **June 30, 2017:** Petitioner files current § 2255 motion.

**(1) Application to Simple Assault Conviction**

The Court already ruled on the simple assault vacatur in the first § 2255 motion. The Court found the § 2255 motion was timely and assumed petitioner had acted with due diligence, but denied habeas relief, stating:

> The state conviction which has now been set aside was for simple assault in 1999, for which he received a two day jail sentence. Eliminating that conviction would still result in a Criminal History Category II, and therefore the Sentencing Guidelines range would not change. The absence of this misdemeanor conviction would not have changed the sentence the Court imposed on defendant.

(Cr. Doc. #247, pp. 11-12.)

Called upon to consider the issue anew, the Court concludes that the claim as asserted in the most recent § 2255 motion is not timely. Petitioner believed this conviction was constitutionally

defective since at least September 26, 2006, and he received the state court order vacating the conviction on or about November 21, 2006. Petitioner did not file the current § 2255 motion raising the issue until June 30, 2017. The current motion was thus filed over ten years after petitioner received the order vacating the conviction, and the motion is untimely as to this claim. Johnson, 544 U.S. at 311.

**(2) Application to Controlled Substance Convictions**

It is clear that the claim relating to the controlled substance convictions vacatur was timely filed. Petitioner received the order vacating the controlled substances convictions on or about September 7, 2016, and filed the current § 2255 motion on June 30, 2017, well within the one-year time period.

Petitioner, however, was not diligent in obtaining the order vacating the controlled substances convictions. Petitioner filed his first state court Rule 3.850 motion as to these convictions on February 23, 2007, approximately 33 months after the May 26, 2004 federal judgment. This delay alone is sufficient to show a lack of diligence. Johnson, 544 U.S. at 311. The motion was denied in October 2010, and petitioner took no further steps until July 25, 2016, over five years later, when he filed another state court post-conviction motion through counsel.

Petitioner argues that the five year delay in filing the second Rule 3.850 motion was excused because his claim did not

become viable until the Eleventh Circuit decided United States v. Clarke, 822 F.3d 1213 (11th Cir. 2016) on May 11, 2016.  This cannot be a justifiable excuse for delay in further challenging the validity of the state controlled substance convictions. Clarke held that a guilty plea without adjudication of guilt does not qualify as a felony for purposes of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Such a decision cannot have had an impact on the validity of the state court proceedings regarding the two controlled substance convictions.  Clarke does not even have an impact of petitioner's federal case, since he was not charged with being a felon in possession of a firearm, and use of a prior guilty plea with adjudication withheld still warrants a criminal history point as a "diversionary disposition."  United States v. Marius, 678 F. App'x 960, 964 (11th Cir.), cert. denied, 137 S. Ct. 2230 (2017); United States v. Arias, No. 16-16063, 2017 WL 4422468, at *3 (11th Cir. Oct. 5, 2017).

Petitioner also offers as justification his *pro se* status, the constraints of incarceration, and the costs of hiring counsel. As in Johnson, these reasons do not justify the delays, and both sets of delays are long enough to demonstrate a lack of due diligence.  Johnson, 544 U.S. at 311.

**D. Rehabilitation Motion**

Liberally construed, petitioner's Memorandum in Support of Post-Conviction Rehabilitative Efforts Pursuant to Pepper v. United States (Cv. Doc. #10) appears to be a request for a sentence reduction based upon rehabilitation. The Court has no jurisdiction to reduce a sentence for such reasons, and therefore this Memorandum, deemed to be a motion, will be dismissed without prejudice.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #290) is **DISMISSED** without prejudice as to Ground One as untimely in part and for lack of due diligence in part; and without prejudice as to Grounds Two and Three for lack of jurisdiction.

2. Petitioner's Memorandum in Support of Post-Conviction Rehabilitative Efforts Pursuant to Pepper v. United States (Cv. Doc. #10), construed as a motion, is **DISMISSED** without prejudice for lack of jurisdiction.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of January, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of Record

- 14 -